The greater weight of the evidence of record indicates that plaintiff had very little exposure to diisocyanates while working for defendant-employer. In fact, the record fails to establish that plaintiff's exposure to chemicals while painting cars for defendant-employer caused any of his lung or cognitive problems. Plaintiff's coworker performed most of the painting and when plaintiff did paint, he wore a NIOSH approved facemask. Furthermore, plaintiff's symptom history is not consistent with the noted effects of overexposure for any of the chemicals containing diisocyanates which effects include eye watering, headaches and dizziness indicating that chemical levels are too high.
Finally medical evidence which tends to support plaintiff's claim is based on an inaccurate assumption that plaintiff was significantly exposed. For example, Dr. Mason found that plaintiff was at an increased risk of developing lung and nervous system conditions but was unaware of plaintiff's level of exposure and indicated no latency period for an acute exposure. In addition, the majority relies on a quote from Dr. Freeman which is not representative of his deposition testimony. Plaintiff has failed to prove that he sustained an occupational disease within the meaning of the act. Therefore, I must respectfully dissent and would vote to affirm the Deputy Commissioner's denial of benefits.
 S/_______________ DIANNE C. SELLERS COMMISSIONER